LENA WILSON, ADMINISTRATRIX, PLAINTIFF-RESPOND-
    ENT, v. CENTRAL RAILROAD COMPANY OF NEW JER-
    SEY, DEFENDANT-APPELLANT.

Submitted July 6, 1915—Decided November 15, 1915.

1. At the trial of an action by the plaintiff-respondent to recover
   damages for the death of her husband, who was killed by one of
   the appellant's trains at a grade crossing, the testimony on the
   part of the plaintiff tended to show that neither a bell was rung
   nor a whistle blown by the locomotive engine of defendant in
   approaching the crossing; that there were no gates at the cross-
   ing, and that the automatic bell which had been installed to give
   warning of trains approaching the crossing was out of order and
   did not ring; that the view of the approaching train was ob-
   structed by a line of trees, so that it was not visible to the
   occupants of an automobile within fifty feet of the crossing;
   that when the automobile in which the decedent and a com-
   panion was riding, was within forty feet of the crossing, the
   companion observed the coming of the train, called the atten-
   tion of the decedent to it and jumped from the car; that the
   decedent made a prompt but unsuccessful attempt to stop the
   automobile, which was traveling at the rate of twelve miles an
   hour; that the train was going at a speed of about fifty-five miles
   an hour, and that when decedent was apprised of the approach
   of the train he had about three seconds in which to prevent the
   collision; that decedent before reaching the point where the
   train first became visible, listened for it and had his car under
   control, and that his failure to stop the car in time to avoid the
   collision was due to the failure of the brake to work properly
   in response to his efforts to stop. *Held*, that from this evidence
   a jury might have properly found that the failure of the engineer
   to give either of the statutory signals was the proximate cause
   of bringing the decedent's car in a position of peril, and this
   being so, the question of the defendant's negligence, and whether
   decedent, under all the circumstances then present, exercised
   reasonable care to avoid the accident, were both questions for
   the jury, and a nonsuit was properly denied.
2. Where the court in the charge to the jury stated, "The duty im-
   posed by law upon a railroad, generally speaking, is to use rea-
   sonable care," and then proceeded to state accurately the duties
   which were imposed by law upon a railroad company, it does not
   justify the inference that the charge in effect placed an additional
   burden on the defendant not sanctioned by the decisions of our
   courts; a plain reading of the charge negativing that the negli-
   gence of the defendant was predicated upon the non-exercise by
   it of reasonable care, outside of the duties imposed upon it by
   statute.

On appeal from the Hudson Circuit Court.

For the appellant, *George Holmes* (*Edwards & Smith,* of counsel).

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

KALISCH, J. This is an appeal from a judgment entered on a verdict of a jury obtained in the Hudson County Circuit Court, against the defendant-appellant, by the plaintiff-respondent, whose husband was killed by one of the appellant's trains at one of its grade crossings, while the respondent's intestate was driving on it in an automobile. At the Circuit the appellant obtained a rule to show cause why the verdict should not be set aside and was allowed to reserve its exceptions to the refusals to nonsuit and to direct a verdict for the appellant, and to certain objections made to the court's charge. The rule was subsequently discharged.

The legal question arising out of the refusal to nonsuit, and the refusal to direct a verdict, is whether there was any testimony from which a jury might have properly concluded that the appellant was negligent and that the respondent's intestate was free from any negligence contributing to his injury and death. This involves an examination of the evidence adduced at the trial. From the plaintiff's case it appears that there was testimony tending to show that neither a bell was rung nor a whistle blown by the locomotive engine in approaching the crossing; that there were no gates at the crossing, but that an automatic bell had been installed there to give warning of trains approaching the crossing and which bell was out of order and did not ring; that a view of the approaching train was obstructed by a line of trees so that it was not visible to the occupants of the automobile until they were within fifty feet of the crossing; that when the motor car was within forty feet of the crossing a companion of the decedent observed the coming of the train, called the attention of the decedent to it and jumped from the car; that the decedent made a prompt but unsuccessful attempt to stop the

car, which was traveling at the rate of twelve miles an hour, from going onto the crossing; that the train was going at a speed, according to the engineer's testimony, of fifty-five miles an hour; and that when the decedent was apprised of the approach of the train he had about three seconds in which to prevent the car from going onto the crossing.

There was also testimony to the effect that the decedent, before reaching a point where the train first became visible and was seen by him, listened and had his car under control and that his failure to bring the car to a stop in time to avoid the collision was due to the brake of his car failing to work properly in response to his efforts.

It is manifest that in this state of the evidence the appellant was not entitled to succeed on his motion for a nonsuit. For upon this evidence a jury might properly have found that the appellant's engineer failed to give either of the statutory signals, by ringing a bell or blowing a whistle, and that this failure to ring a bell or blow a whistle was the proximate cause of bringing the decedent's car so near to the crossing and into a position of peril. This being so, it became a further jury question whether the decedent, under all the circumstances then present, exercised reasonable care to avoid the collision. *Walling* v. *Central Railroad Co.,* 82 *N. J. L.* 506.

It cannot be properly said, as a matter of law, that the failure of the decedent to stop his car which was going at moderate speed and which under ordinary circumstances he could have stopped in time to have averted the accident, was, in the emergency that confronted him, coupled with the unexpected failure of the brake of the car to work properly and to respond to his efforts, negligent conduct of the deceased contributing to his injury and death.

Whether it was or not was pre-eminently a question for the jury's determination.

This court, speaking through Mr. Justice Dixon, in *West Jersey Railroad Co.* v. *Ewan,* 55 *N. J. L.* (on *p.* 576), in discussing the plaintiff's negligence in that case, said: "There is a substantial difference between being surprised by an un-

foreseen peril and being overtaken by one apprehended and recklessly incurred."

It is a familiar doctrine that a motion to nonsuit is in nature of a demurrer to the evidence and admits the truth of the facts testified to, but denies their legal force and efficacy to sustain the plaintiff's cause of action.

A jury question was presented both as to the defendant's and plaintiff's negligence, and, therefore, the nonsuit was properly denied.

And, as the testimony introduced by the defendant simply put in dispute the facts developed by the evidence on the plaintiff's case, the trial judge very properly denied the motion to direct a verdict for the defendant. *Spargo* v. *Central Railroad Co.,* 84 *N. J. L.* 251.

The only other point argued in the appellant's brief relates to an objection taken by counsel for appellant to this language of the court's charge: "The duty imposed by law upon a railroad, generally speaking, is to use reasonable care."

The appellant's brief concedes that the defendant was charged with the duty to give either one of the statutory signals, and under the act of 1909, where the statute applied warning by signal bell, but it is said that the court by charging that the defendant was bound to use reasonable care put an additional burden on the defendant not sanctioned by our cases.

We do not think that any such inference can be drawn from the charge. For it appears that after making the preliminary statement, as to what, generally speaking, the duty of a railroad company is, the trial judge then proceeded to state accurately the duties which were imposed by law upon the appellant. But if it was meant that the railroad company was bound to use reasonable care in the performance of the duties imposed upon it by law, then the declaration made by the court was most favorable to the appellant. A plain reading of the judge's charge negatives the assertion that the negligence of the defendant was predicated upon the non-exercise by it of reasonable care, outside of any duties imposed upon it by statute.

Judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   15.

*For reversal*—None.